**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

CEDRIC J. MARBURY,

                               :

        Petitioner,                           Case No. 3:05-cv-270

                               :             District Judge Thomas M. Rose

      -vs-                                     Magistrate Judge Michael R. Merz

STUART HUDSON, Warden,

                               :

        Respondent.

---

**REPORT AND RECOMMENDATIONS ON MOTION TO PROCEED IN FORMA
PAUPERIS ON APPEAL AND FOR CERTIFICATE OF APPEALABILITY**

---

This habeas corpus case is before the Court on Petitioner's Motion for Leave to Appeal *in forma pauperis* and for Certificate of Appealability (Doc. No. 32).

A person in custody upon a state conviction seeking to appeal an adverse ruling on a petition for writ of habeas corpus in the district court must obtain a certificate of appealability (formerly called a certificate of probable cause) before proceeding. 28 U.S.C. §2253; Fed. R. App. P. 22. A certificate of appealability is to be issued only if the Petitioner seeks to raise on appeal issues which have substantial merit which are worthy of further consideration and on which reasonable jurists could differ. *Barefoot v. Estelle,* 463 U.S. 880, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983). The standard is higher than the absence of frivolity required to permit an appeal to proceed *in forma pauperis. Id.* at 893.

28 U.S.C. §2253 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides in pertinent part:

(c)

(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Districts courts have the power to issue certificates of appealability under the AEDPA in §2254 cases.  *Lyons v. Ohio Adult Parole Authority*, 105 F. 3d 1063 (6th Cir. 1997); *Hunter v. United States*, 101 F. 3d 1565 (11th Cir. 1996)(en banc).  Likewise, district courts are to be the initial decision makers on certificates of appealability under §2255.  *Kincade v. Sparkman*, 117 F. 3d 949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F. 3d 1011, 1017 (2d Cir. 1997).

To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000).  That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or because they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004);  *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003).  If the district court dismisses the petition on procedural grounds without reaching the constitutional questions, the petitioner must also show that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604. The

procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Slack*, 529

U.S. at 485, 120 S. Ct. at 1604, citing *Ashwander v. TVA*, 297 U.S. 288, 347, 56 S. Ct. 466, 80 L.

Ed. 688 (1936)(Brandeis, J., concurring). The first part of this test is equivalent to making a

substantial showing of the denial of a constitutional right, including showing that reasonable jurists

could debate whether the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further, *Slack v. McDaniel*, 529 U.S.

473 at 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000), quoting *Barefoot v. Estelle,* 463 U.S.

880, 893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983). The relevant holding in *Slack* is as follows:

> [W]hen the district court denies a habeas petition on procedural
> grounds without reaching the prisoner's underlying constitutional
> claim, a COA should issue (and an appeal of the district court's order
> may be taken) if the prisoner shows, at least, that jurists of reason
> would find it debatable whether the petition states a valid claim of the
> denial of a constitutional right, and that jurists of reason would find
> it debatable whether the district court was correct in its procedural
> ruling.

529 U.S. 473, 478,120 S. Ct. 1595,1600-1601

The standard is higher than the absence of frivolity required to permit an appeal to proceed

*in forma pauperis. Id.* at 893.

> Obviously the petitioner need not show that he should prevail on the
> merits... Rather, he must demonstrate that the issues are debatable
> among jurists of reason;  that a court could resolve the issues [in a
> different manner];  or that the questions are 'adequate to deserve
> encouragement to proceed further.'

*Id.* n.4. *Accord, Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 1039-1040, 154 L.Ed.2d 931

(2003). A certificate of appealability is not to be issued pro forma or as a matter of course. *Id.* at

1040.  Rather, the district and appellate courts must differentiate between those appeals deserving attention and those which plainly do not. *Id*.  A blanket certificate of appealability for all claims is improper, even in a capital case. *Frazier v. Huffman*, 348 F.3d 174 (6th Cir. 2003), *citing Porterfield v. Bell,* 258 F.3d 484 (6th Cir. 2001).

In his Motion, Mr. Marbury merely restates his four Grounds for Relief as they were pled in his Petition (see Motion, Doc. No. 32, at 7).  The Magistrate Judge has therefore independently reviewed the four grounds for relief and their disposition in the Report and Recommendations which Judge Rose adopted.  The Magistrate Judge concludes that the decisions on the merits of each of the grounds for relief would not be debatable among reasonable jurists.

It is therefore respectfully recommended that the Motion for Leave to Appeal *in forma pauperis* be granted in that Petitioner has established he is indigent and the appeal is not frivolous.  However, his request for a Certificate of Appealability should be denied.

January 14, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make

objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).