# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CEDRIC J. MARBURY,

:

      Petitioner,                                    Case No. 3:05-cv-270

:                District Judge Thomas M. Rose
  -vs-                                          Magistrate Judge Michael R. Merz

STUART HUDSON, Warden,

:

      Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(6) (Doc. No. 38). Petitioner seeks relief from the Court's Order of November 14, 2008, and the ensuing judgment (Doc. Nos. 25, 26) which dismissed the Petition on the merits.

### Applicable Standards

Petitioner appealed from this Court's judgment on December 22, 2008 (Doc. No. 30) and that appeal remains pending before the Sixth Circuit Court of Appeals as its Case No. 09-3016. Filing a notice of appeal divests the District Court of jurisdiction over a case and vests jurisdiction in the Circuit Court of Appeals until the district court receives the mandate of the court of appeals. *Marrese v. American Academy of Osteopathic Surgeons,* 470 U.S. 373 (1985); *Pittock v. Otis*

*Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993); *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir. 1981). The general rule means that a district court has no jurisdiction to rule on a motion for relief from judgment after a timely notice of appeal. If the district court is disposed to grant such relief, it may enter an order so indicating and the appellant may then file a motion to remand. *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993). The proper procedure for a post-appeal motion for relief from judgment is to file the motion in the district court. That court should then enter a provisional order granting or denying the motion for relief and notify the Court of Appeals which may then remand the case for actual decision of the motion. *Post v. Bradshaw*, 422 F.3d 419 (6th Cir. 2005).

The instant Motion attacks the integrity of the original judgment in this case, rather than attempting to add a new ground for habeas corpus relief. In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that a Rule 60(b) motion presents a "claim" if it seeks to add a new ground for relief from the state conviction or attacks the federal court's previous resolution of a claim on the merits, though not if it merely attacks a defect in the federal court proceedings' integrity. Based on *Gonzalez*, Petitioner can bring the instant Motion without leave from the Court of Appeals.

It is well established that Rule 60(b)(6) is not to be used as a substitute for appeal. *Polites v. United States*, 364 U.S. 426, 81 S. Ct. 202, 5 L. Ed. 2d 173 (1960); *Ackerman v. United States*, 340 U.S. 193, 71 S. Ct. 209, 95 L. Ed. 207 (1950). Relief should be granted under Rule 60(b)(6) only in unusual circumstances where principles of equity mandate relief, *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990), and the district court's discretion under 60(b)(6) is particularly broad. *Johnson v. Dellatifa,* 357 F.3d 539 (6th Cir. 2004); *McDowell v. Dynamics Corp.*, 931 F.2d 380, 383 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294

(6th Cir. 1989).

**Merits Analysis**

Petitioner argues that the District Court did not conduct a *de novo* review of the Magistrate Judge's Report and Recommendations, in light of Petitioner's Objections, before entering judgment dismissing the case. In the Entry and Order adopting the Report and Recommendations, Judge Rose recites that he "has conducted a *de novo* review of all filings in this matter. . ." Plaintiff's only evidence to contradict Judge Rose's statement is the similarity of the language in this Order to language in a prior Order (Doc. No. 10) adopting the same Report and Recommendations when Petitioner failed to make timely objections. However, summary language of the sort used is quite common among the District Judges of this Court in many different kinds of cases to memorialize their conclusion that, upon *de novo* review, a party's objections are not well taken. They do not customarily use some more extended form of language to express their conclusions.

In essence, Petitioner's argument amounts to a claim that a district judge's order overruling objections must take some particular form or must state in some detail the district judge's analysis of the objections, but the law cited by Petitioner does not support that proposition.

- *United States v. Curtis*, 237 F.3d 598 (6th Cir. 2001), is cited by Petitioner for the proposition that the *de novo* review requirement is not satisfied by mere review of the Report itself (Motion, Doc. No. 38, at 4). The case actually decided that, when reviewing a magistrate judge's probable cause determination under Fed. R. Crim. P. 32.1 respecting a supervised release violation, a district judge must apply a clearly erroneous standard of review, rather than a *de novo* standard. *Id.* at 603. The case was remanded for the district judge to make

clear what standard of review he employed. Here Judge Rose plainly states that he employed the correct standard, *de novo* review.

- *Salve Regina College v. Russell*, 499 U.S. 225 (1991), is cited for the proposition that *"de novo* review is review without deference" (Motion, Doc. No. 38, at 4). In that diversity case, the First Circuit Court of Appeals had deferred to the determination of the district judge on what the Rhode Island Supreme Court would hold to be the applicable contract law. The Supreme Court held there was no reason to deviate in a diversity case from the usual rule that courts of appeal review all legal questions *de novo.* Such deference, the Court concluded, would undermine the principles adopted in *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). The decision speaks to the standard of review to be applied, not to any form of opinion necessary to show that standard was applied. Here Judge Rose expressly stated he was applying *de novo* review, not any deferential standard.

- *United States v. Shami*, 754 F. 2d 670 (6th Cir. 1985), is cited for the entirely correct proposition that Article III of the Constitution requires *de novo* review of magistrate judge recommendations, at least when there is an objection. In *Shami*, the district judge construed the evidence presented before the magistrate on a motion to dismiss in the light most favorable to the United States. In other words, that judge admitted he was not engaged in *de novo* review. The exact opposite is true here where Judge Rose is expressly states that is what he has done.

The office of United States magistrate judge was created to provide assistance to district judges in handling the severely-increased caseload of the district courts in the 1960's, particularly prisoner cases. Magistrate judges are true judicial officers who can, upon referral from a district

judge, hear most of the matters which come before the district courts and actually decide many of the referred matters. Because Article III guarantees litigants that any final decision will be made by a judge with life tenure, no decision by a magistrate judge can be final[1] in the sense that it is the last decision on a matter before the question reaches the Court of Appeals; such decisions must be made by a life-tenured judge. However, the Constitution does not require magistrate judges merely to act as clerks who receive exhibits, hear and certify testimony, and write legal memoranda. The whole magistrate judge system would be of no use in lightening the district court's workload if a district judge had to do over every step done by a magistrate judge on which there was some objection. *De novo* review means review without any deference; it does not mean that a district judge must redo the case without consideration of what the magistrate judge has written.

**Conclusion**

Because Petitioner's argument depends entirely on the record, it could have been made on direct appeal and would not be a proper ground, even if meritorious, for relief from judgment under Fed. R. Civ. P. 60(b). However, for the reasons given above, it is also without merit. The Court should enter a provisional order denying the Motion for Relief from Judgment.

May 11, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

---

[1] Except for decisions in cases where the parties consent to plenary magistrate judge jurisdiction under 28 U.S.C. § 636(c), a provision which has no application to this case.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).